UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC SOCCER, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CAPX OFFICE SOLUTIONS, LLC., *et al.*, <br><br> Defendants. | Civil Action No. 19-3163 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Plaintiffs DC Soccer, LLC and DC Stadium LLC have moved to enter a confession of judgment against defendants CapX Office Solutions, LLC, CapX Solutions, LLC, and John Vassos, Pls.' Mot. for Entry of Confession of Judgment Against Defs. ("Pls.' Mot."), ECF No. 34, and shortly after the filing of that motion, defendants' counsel moved to withdraw, Defs.' Counsel's Mot. to Withdraw Appearance, ECF No. 38.[1]  For the reasons explained below, plaintiffs' motion is denied and defendants' counsel's motion is denied as moot.

The parties previously entered into a settlement agreement to resolve litigation pending before this Court, resulting in dismissal of the lawsuit, on August 6, 2020, upon the filing of a stipulation of dismissal.  Stipulation of Dismissal with Prejudice ("Stipulation of Dismissal"), ECF No. 33.  Defendants failed to make payments required by the settlement agreement, and plaintiffs now seek, under the terms of the settlement agreement, to enter a confession of judgment.  Whether entry of the confession of judgment is proper depends on whether the Court

---

[1]   Defendant John Vassos passed away before the filing of plaintiffs' motion.  Plaintiffs represent that probate proceedings had not been initiated at the time of filing, February 10, 2021, Pls.' Mot. at 1 n.1, and defendants' counsel represents that no personal representative has been appointed to oversee Mr. Vassos's estate, Defs.' Counsel's Reply Supp. Mot. to Withdraw Appearance at 1 n.1, ECF No. 41.

1

has jurisdiction to enforce the settlement agreement.  Nothing in the stipulation of dismissal or the Court's subsequent dismissal order indicated that jurisdiction over the settlement agreement would be retained by the Court, nor was the settlement agreement mentioned at all in the stipulation of dismissal.  Plaintiffs have failed to establish jurisdiction to enter the confession of judgment, so plaintiffs' motion for entry of confession of judgment is denied.

I.     BACKGROUND

Plaintiffs brought the lawsuit underlying this motion on October 22, 2019, seeking relief for an alleged breach of contract, conversion, and negligent misrepresentation.  Compl. ¶¶ 68–104, ECF No. 1.  On July 8, 2020, the parties requested that the briefing schedule be stayed pending finalization of a settlement agreement.  Consent Mot. to Stay Deadlines Pending Settlement ¶ 7, ECF No. 32.

On August 6, 2020, the parties filed a stipulation of dismissal, notifying the Court that they were dismissing the case, with prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  Stipulation of Dismissal at 1.  The stipulation of dismissal made no mention of the settlement agreement, let alone condition dismissal on the Court's retention of jurisdiction or request that the Court retain jurisdiction to enforce the settlement agreement.  *Id*.  The same day that the stipulation was filed, the Court entered an order dismissing the case and directing the Clerk of Court to close the case, also without reference to any settlement agreement.  Min. Order (Aug. 6, 2020).

Six months later, on February 10, 2021, plaintiffs filed a motion for entry of confession of judgment, indicating that defendants had defaulted on their obligations under the settlement agreement, which had resolved the prior dispute, and requesting that the Court enter a confession of judgment pursuant to the terms of the settlement agreement.  Pls.' Mot. at 1.

The Court set a briefing schedule, directing plaintiffs to file a supplemental memorandum explaining the basis for jurisdiction and directing defendants to respond. Min. Order (Feb. 11, 2021). In response, plaintiffs filed the supplemental statement, Pls.' Suppl. Statement on the Court's Jurisdiction to Enter Confession of Judgment ("Pls.' Suppl. Mem."), ECF No. 37, and defendants' counsel moved to withdraw from representation of defendants, explaining that the individual defendant and sole owner of the corporate defendants had died, and that counsel was unable to determine who could speak for the corporate defendants pending appointment of an personal representative of the deceased's estate. Defs.' Counsel's Mot. to Withdraw ¶¶ 5–7. Defendants' counsel's motion to withdraw is ripe for resolution.

Plaintiffs' motion for entry of confession of judgment is not ripe because defendants' counsel requested, and was granted, an extension to identify and consult with his clients. Defs.' Counsel's Mot. to Extend Deadlines, ECF No. 39; Min. Order (Mar. 4, 2021). The Court need not wait for defendants' response, however, to rule on plaintiffs' motion because neither plaintiffs' motion nor their supplemental jurisdictional statement establishes a basis for jurisdiction to enforce the settlement agreement.

## II.     LEGAL STANDARD

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Federal courts therefore

have a corresponding "independent obligation to ensure that they do not exceed the scope of their jurisdiction" and "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Absent subject-matter jurisdiction over a case, the court must dismiss it.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).  Accordingly, "subject matter jurisdiction may not be waived" and "no action of the parties can confer subject-matter jurisdiction upon a federal court." *NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 120 (D.C. Cir. 2008) (internal quotations and citations omitted).  Plaintiffs bear the burden of establishing jurisdiction.  *Kokkonen*, 511 U.S. at 377.

### III.    DISCUSSION

The threshold issue of whether this Court has jurisdiction over plaintiffs' motion is addressed first, followed by consideration of whether the jurisdictional defect in plaintiffs' motion could be cured with another supplemental jurisdictional statement.

#### A.    Plaintiffs Have Failed to Establish Jurisdiction

"Enforcement of the settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.  This commonly takes the form of ancillary jurisdiction, "which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 379.

In *Kokkonen*, the Supreme Court addressed a case much like this one and held that jurisdiction to enforce the settlement agreement was lacking.  The parties in the underlying diversity action filed a stipulation of dismissal without providing that the district court would retain jurisdiction to enforce the settlement agreement that precipitated the stipulation of dismissal.  *Id.* at 376–77.  There, as here, a party filed a motion in the district court to enforce the

agreement. *Id.* at 377. The Supreme Court held that the district court lacked ancillary jurisdiction to enforce the settlement agreement because doing so would not promote the purposes of ancillary jurisdiction, namely, enabling the district court to "protect its proceedings and vindicate its authority." *Id.* at 380; *see also id.* ("[T]he only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement.").

The principle underlying *Kokkonen* is that a district court lacks ancillary jurisdiction to enforce a settlement agreement in a dismissed case when the district court fails to incorporate the settlement terms into the dismissal order or otherwise expressly retain jurisdiction to enforce the settlement agreement. *Id.* at 381–82. Neither the U.S. Constitution nor federal statute grants federal courts jurisdiction to hear a claim based solely on the breach of a settlement agreement in federal litigation. *Id.* at 381. Nonetheless, parties to a settled lawsuit wishing the federal court to retain jurisdiction over the settlement may rely on ancillary jurisdiction but only by ensuring that the district court's order of dismissal either "[(1)] incorporated the agreement's terms into the dismissal order or [(2)] expressly retained jurisdiction over the agreement." *T St. Dev., LLC, v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009); *see also Shaffer v. Veneman*, 325 F.3d 370, 373–74 (D.C. Cir. 2003) ("[A] party that wants the court to retain jurisdiction over its settlement agreement should request that the district court do so in its order of dismissal."); *Bd. of Trustees of Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1484 n.8 (D.C. Cir. 1996) ("We note, however, that although the Supreme Court denied federal jurisdiction in *Kokkonen,* it left open the possibility that litigants could sometimes retain federal jurisdiction over a settlement agreement by executing an adequately explicit stipulation of dismissal."). A court only has ancillary jurisdiction over the agreement because "a breach of the agreement would be a

violation of the [court's] order." *Kokkonen*, 511 U.S. at 381.  Absent retention of jurisdiction, the district court lacks jurisdiction over the breach of the settlement agreement, and the plaintiff must bring a breach of contract claim to state court, unless subject-matter jurisdiction in federal court on the new claim for breach of contract is independently established.  *Id.* at 382.

Plaintiffs do not engage with this rich line of applicable authority, though their jurisdictional arguments are predicated on the ties between the settlement agreement and the earlier lawsuit, and they assert no independent basis for subject-matter jurisdiction.  Instead, plaintiffs argue merely that this Court has jurisdiction to enforce the parties' settlement agreement because "all parties to the Settlement Agreement so agreed," Pls.' Supp. Mem. at 2, and because "Defendants acknowledge this Court's jurisdiction over the Defendants," *id.* (quoting Pls.' Mot., Confession of Judgment ¶ 4, ECF No. 34-2).  In other words, plaintiffs assert that jurisdiction exists and that this matter is properly before the Court because *the parties* so agreed.  This position is irreconcilable with the foundational principle that the agreement of the parties can never establish subject-matter jurisdiction.  *NetworkIP, LLC*, 548 F.3d at 120; *see also D.C. for Use of Dulles Plumbing Grp., Inc. v. Selective Ins. Co. of Am.*, Civil Action No. 19-1824 (RDM), 2020 WL 5946077, at *2 (D.D.C. Oct. 7, 2020) (describing this principle as "axiomatic").[2]

Plaintiffs purport to rely on *Keepseagle v. Vilsack*, 815 F.3d 28 (D.C. Cir. 2016), for the principle that following dismissal of an action, "courts retain jurisdiction over a settlement ... 'if the parties' agreement ... reserves jurisdiction to enforce compliance.'"  Pls.' Supp. Mem. at 2

---

[2]   Plaintiffs' motion itself provides no basis for jurisdiction to enforce the settlement agreement.  *See* Pls.' Mot. at 6–8.  It relies almost entirely on this Court's decision in *J.D. Holdings, LLC v. BD Ventures, LLC*, in which the Court entered a confession of judgment in a pending case. 766 F. Supp. 2d 109, 112–14 (D.D.C. 2011).  When a party seeks to enforce a settlement agreement before the underlying action has been dismissed, the jurisdictional problem identified in *Kokkonen* is not implicated—the district court undoubtedly has jurisdiction to consider the motion.  *See T St. Dev.*, 586 F.3d at 10 (distinguishing case from *Kokkonen* on the grounds that "the district court ruled on the buyer's enforcement motion while the specific performance suit was still pending before the court").

6

(emphasis and enumeration omitted, first omission in original) (quoting *Keepseagle*, 815 F.3d at 34).  Plaintiffs further cite *Pigford v. Vilsack* ("*Pigford II*"), 777 F.3d 509 (D.C. Cir. 2015), for the proposition that this is not "free-ranging 'ancillary' jurisdiction, [but] is limited by the explicit terms of the parties' agreement."  Pls.' Supp. Mem. at 2 (alteration in original) (quoting *Pigford II*, 777 F.3d at 514).  Plaintiffs mischaracterize *Keepseagle*'s statement regarding the retention of jurisdiction, omitting language indicating that parties' agreement alone does not allow for the retention of jurisdiction, but instead may dictate the scope of retained jurisdiction *under a consent decree.  See Keepseagle*, 815 F.3d at 33 ("Interpreting *Kokkonen* as it pertains to settlement agreements, we have explained that 'district courts enjoy no free-ranging "ancillary" jurisdiction to enforce consent decrees, but are instead constrained by the terms of the decree *and related order*.'" (emphasis added) (quoting *Pigford v. Veneman* ("*Pigford I*"), 292 F.3d 918, 924 (D.C. Cir. 2002)); *see also Pigford II*, 777 F.3d at 514 ("Even where, as here, the Consent Decree does retain jurisdiction in the District Court to enforce its terms, the court still lacks a 'free-ranging "ancillary" jurisdiction,' and is limited by the explicit terms of the parties' agreement.").  This case has no consent decree, which would have required an agreement between the parties to be approved and entered by the Court.  *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 378 (1992) (describing a consent decree as "an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees").  While plaintiffs are correct that "the court is authorized to ... retain jurisdiction over the settlement contract[] if the parties agree," Pls.' Supp. Mem. at 3 (alterations in original) (quoting *Kokkonen*, 511 U.S. at 381–82), this ignores the crucial prerequisite that the Court must be asked and expressly order the retention of jurisdiction, and the parties never made that request here.  Plaintiffs' assertion that

the parties' agreement can force the Court to act as if jurisdiction had been retained to enforce the settlement agreement is without merit. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) ("Underlying *Kokkonen* is the well-established proposition that jurisdiction cannot exist by mere consent of the parties.").

In a similar line of argument, plaintiffs contend that "[t]he filing of the Stipulation of Dismissal was … contingent on the Court's retention of jurisdiction to enforce the Settlement Agreement" because the parties agreed to file the stipulation of dismissal only if the other promises in the agreement (*i.e.*, agreement to the confession of judgment) were met. Pls.' Mem at 3–4. Whether the parties agreed that the Court's retention of jurisdiction was a condition precedent to the filing of the stipulation of dismissal makes no difference here. The parties would have to indicate *to the Court* that the stipulation of dismissal was contingent on a court order retaining jurisdiction, and no such indication was made here. *See Am. Ctr. for Civ. Just. v. Ambush*, 49 F. Supp. 3d 24, 26 (D.D.C. 2014) (collecting cases); *see also NetworkIP, LLC*, 548 F.3d at 120 ("no action of the parties can confer subject-matter jurisdiction upon a federal court").

The parties chose not to provide for the retention of jurisdiction in their stipulation of dismissal and never sought a Court order retaining jurisdiction to enforce the settlement agreement, so the Court lacks ancillary jurisdiction to enforce the parties' settlement agreement and enter the confession of judgment. That the parties, in privately negotiating and executing the agreement, may have contemplated this Court's retention of jurisdiction is simply irrelevant.

**B.     Plaintiffs Must File a New Complaint to Enforce the Settlement Agreement**

Having determined that plaintiffs have failed to establish the Court's jurisdiction to enforce the settlement agreement, the next question is whether plaintiffs should be given another

opportunity to assert a different, independent basis for jurisdiction, *see Ambush*, 49 F. Supp. 3d at 26–27, or whether the motion should be denied outright.

Plaintiffs' claim for breach of the settlement agreement is not part of the parties' previous litigation dispute before this Court but, instead, amounts to a new action for breach of contract. *See Kokkonen*, 511 U.S. at 381.  "The rationale underlying *Kokkonen* is that unless the district court retains jurisdiction over the matter, a settlement agreement amounts to nothing more than a freestanding contract, 'part of the consideration for which was dismissal of an earlier federal suit.'"  *T St. Dev.*, 586 F.3d at 10 (quoting *Kokkonen*, 511 U.S. at 381).  Plaintiffs' attempt to enforce the settlement agreement, absent a court order retaining jurisdiction, is therefore a new action, which is unmoored from the underlying dispute and requires the filing of a new complaint.  *See* FED. R. CIV. P. 3, 7.

This new contract dispute may meet the diversity requirements of 28 U.S.C. § 1332 if the citizenship of the parties is the same now as at the time the first complaint was filed.  Even if an independent basis for jurisdiction, such as diversity, exists, however, this new claim may not be brought as part of the old one, but requires the filing of a new action.  *See Ralph Lauren Corp. v. CSR Grp., Inc.*, No. 16-cv-3387 (RJS), 2017 WL 1861779, at *3 (S.D.N.Y. Apr. 27, 2017) (holding that summary enforcement of settlement agreement is improper absent ancillary jurisdiction); *see Bailey v. Potter*, 478 F.3d 409, 412 (D.C. Cir. 2007) (recognizing this issue without reaching it).  Without an order of the Court retaining jurisdiction over the settlement or requiring the parties to comply with the terms of the settlement, this new action does not implicate the need of the court "to manage its proceedings, vindicate its authority, and effectuate its decrees," *Kokkonen*, 511 U.S. at 380, which is the justification for bringing the second action into the first where ancillary jurisdiction exists.  These are two separate actions, and simply

appending the new action to the earlier one, using the informality of a motion, is procedurally improper. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.").[3]

Allowing plaintiffs the opportunity to submit yet another supplemental statement of jurisdiction would be both futile and improper. The Court could not grant plaintiffs the relief they request, but only issue an advisory opinion on the existence of subject-matter jurisdiction over a hypothetical, future lawsuit. The Court will therefore deny plaintiffs' motion outright.

---

[3]    While not cited, let alone discussed, by plaintiffs, it bears noting that the Sixth and Seventh Circuits have held that an independent basis for subject-matter jurisdiction may support summary enforcement of a settlement agreement arising from a previously dismissed case. *See Limbright v. Hofmeister*, 566 F.3d 672, 676 (6th Cir. 2009) ("*Kokkonen*'s failure to consider diversity jurisdiction explicitly likely reflects the obvious lack of the required amount in controversy (the enforcement action at issue sought only the return of certain files), not a hidden intent to preclude summary enforcement based on diversity jurisdiction."); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006) ("*Kokkonen* is about adjudicatory competence, not the number of filing fees a plaintiff must pay. As long as § 1332 supplies authority to decide, the court may act without a fresh complaint."). In these cases, however, each district court had either (1) incorporated the terms of the relevant settlement agreement in the dismissal order, *Limbright*, 566 F.3d at 674, or (2) expressly retained jurisdiction to enforce the settlement, *Blue Cross & Blue Shield*, 467 F.3d at 636, albeit in ways that the respective courts of appeals found questionable to establish ancillary jurisdiction. In *Limbright*, the parties informed the district court of the settlement agreement they had reached, and the district court "entered an order dismissing the case with prejudice but allowing the case to be reopened to enforce the Agreement." 566 F.3d at 673. Although the district court retained jurisdiction to enforce the settlement agreement, the parties requested the court to vacate the first order and enter a new order since the previous one did not "conform to the Agreement's enforcement scheme." *Id.* The district court then issued an order that incorporated the terms and conditions of the settlement agreement but stated, somewhat inconsistently, that it would "not retain jurisdiction over [the] matter." *Id.* at 674. In *Blue Cross & Blue Shield,* the district court "dismissed the suit and asserted a right to enforce the settlement" by stating that it would "retain jurisdiction over th[e] matter for purposes of enforcing the terms of the settlement agreement." 467 F.3d at 636. The Seventh Circuit acknowledged that the relevant orders in the case "demonstrated the district judge's willingness to treat the settlement as a consent decree." *Id.* at 638. Nevertheless, the Seventh Circuit identified diversity as providing the basis for jurisdiction without reaching the issue of ancillary jurisdiction. *Id.* In both *Limbright* and *Blue Cross & Blue Shield*, the district court was thus informed of the settlement agreement, mentioned the agreement in a court order, and either incorporated the terms into an order or expressly retained jurisdiction over the settlement.

   None of those critical steps occurred in this case. The stipulation of dismissal failed to reference the settlement agreement reached by the parties. Stipulation of Dismissal at 1. The stipulation, as explained above, immediately divested the court of jurisdiction and dismissed the case without acknowledging the existence of a settlement agreement, and the Court's order did not mention the settlement agreement. Moreover, neither *Limbright* nor *Blue Cross & Blue Shield* provides a compelling reason for—or cites any authority endorsing—summary enforcement in a dismissed case without a court order contemplating continued involvement in the dispute. Absent a court order tying the settlement agreement to the underlying case, *Kokkonen* teaches that action to enforce the settlement constitutes a new, separate breach of contract claim, 511 U.S. at 381, and a new, separate claim requires a new complaint.

## IV. CONCLUSION

Since this Court lacks ancillary jurisdiction to enforce the settlement agreement in this dismissed case, plaintiffs' motion for entry of confession of judgment against defendants is denied.  Defendants' counsel's motion to withdraw is denied as moot since this case is closed and no further action is required.

An Order consistent with this Memorandum Opinion will be entered contemporaneously.

Date:  March 18, 2021

_____
BERYL A. HOWELL
Chief Judge